Thomas J. McGowan, Esq.
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Plaintiff*
190 Willis Avenue
Mineola, New York 11501
Tel: 516-747-0300
Email: tmcgowan@meltzerlippe.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE FEDERAL SAVINGS BANK,

                     Plaintiff,

   -against-

PAUL J. MANAFORT, KATHLEEN B. MANAFORT,
SUMMERBREEZE, LLC, NEW YORK STATE
DEPARTMENT OF TAXATION & FINANCE and
"JOHN DOE 1" through "JOHN DOE 10", the John Doe
names being fictitious, said parties intended to be tenants
or occupants, if any, having or claiming an interest in,
or other entities having a lien upon, the premises
described in the complaint,

                     Defendants.
---------------------------------------------------------------X

Case No.:

**COMPLAINT**

      Plaintiff The Federal Savings Bank ("FSB" or "Plaintiff"), by and through its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

      1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose upon a mortgage held by FSB and encumbering the property commonly known as 174 Jobs Lane, Bridgehampton, New York 11976, and further known and designated on the Suffolk County Tax Map as Section 134.00,

Block 01.00, Lot 048.006 (the "Premises"). A true copy of the metes and bounds description for the Property is annexed hereto as Exhibit "A".

## PARTIES

2. FSB is a federally chartered national bank with Chicago, Illinois listed in its articles of association as the location of its main office and is therefore a citizen of Illinois for purposes of diversity jurisdiction.

3. Defendant Paul J. Manafort is a resident of the State of Florida residing at 10 St. James Drive, Palm Beach Gardens, Florida 33418 (collectively with Kathleen B. Manafort, the "Guarantors").

4. Defendant Kathleen B. Manafort is a resident of the State of Florida, residing at 10 St. James Drive, Palm Beach Gardens, Florida 33418 (collectively with Paul J. Manafort, the "Guarantors").

5. Defendant Summerbreeze LLC is a limited liability company organized under the laws of the State of New York with an address c/o The Law Office of Bruce E. Baldinger, Esq., 43 West 43rd Street, Suite 141, New York, New York ("Summerbreeze" or "Mortgagor").

6. Defendant New York State Department of Taxation & Finance is made a defendant herein by virtue of any unpaid Franchise Taxes, if any, owed by Summerbreeze.

7. Defendants "John Doe 1" through "John Doe 10" are additional parties being the tenants, occupants or entities, if any, claiming an interest in or lien upon the Premises.

8. Each of the above-named Defendants have or may claim to have some interest in or lien upon the mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and/or is subject and subordinate to, the lien of the mortgage being foreclosed herein.

## JURISDICTION AND VENUE

9. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000. Jurisdiction is proper here based on diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the mortgaged Premises are located within the Eastern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

11. On or about November 16, 2016, Defendant Summerbreeze executed and delivered to TFSB a promissory note in the principal sum of Nine Million Five Hundred Thousand ($9,500,000.00) (the "Note") to evidence the loan made to it by TFSB in said amount. A true and authentic copy of the Note is annexed hereto as Exhibit "B".

12. Defendant Summerbreeze also executed and delivered to TFSB a mortgage dated November 16, 2016 in favor TFSB to secure the prompt and complete payment of the loan evidenced by the Note. A true and authentic copy of the Mortgage is annexed hereto as Exhibit "C".

13. The Mortgage was recorded on December 9, 2016 against the Premises in Liber 22766 at page 518 and any applicable recording tax was paid at that time of recording.

14. The Guarantors executed and delivered to TFSB a guaranty of payment of the loan evidenced by the Note on or about November 16, 2016 (the "Guaranty").

15. The Guaranty, among other things, provides that the Guarantors unconditionally, absolutely and irrevocably guaranteed the punctual, prompt and complete payment of the loan evidenced by the Note.

16. The Mortgage provides in relevant part that Summerbreeze was obligated to timely pay all principal and interest, other costs and charges and payments due under the Note.

17. The Mortgage further provides in relevant part that TFSB could require immediate payment in full of all sums secured by the Mortgage if SummerBreeze failed to pay in full any monthly payment required to be made prior to or on the due date of the next monthly payment.

18. The Mortgage also provides in relevant part that TFSB is entitled to recover, among other things, its attorneys' fees incurred in connection with any default under the Mortgage.

19. The Note provides that principal and interest were required to be paid monthly on the first day of each month beginning on January 1, 2016.

20. The Note provides that interest on the principal of the loan will be charged at the rate of 7.25% per annum until the full amount of the principal had been paid and that a late charge of five (5%) percent will be charged as to any overdue payment of principal and interest.

21. TFSB is the owner and holder of the Note and Mortgage and is in physical possession of both.

22. Summerbreeze has failed to pay TFSB the monthly payment of principal and interest due and owing on November 1, 2017, and continuing to date.

23. Summerbreeze defaulted under the terms of the Note and Mortgage by, among other things, failing to timely pay the monthly payment of principal and interest due and owing on November 1, 2017, and continuing thereafter to date.

24. The Guarantors defaulted under the terms of the Guaranty by similarly failing to pay the monthly payment of principal and interest due and owing on November 1, 2017, and continuing thereafter to date.

4851-6564-9376, v. 1

25. Under the terms and conditions of the Note and Mortgage, the total principal balance of the loan became due and owing as the result of the default by Summerbreeze thereunder.

26. As of March 3, 2021, the total amount due TFSB under the Note, Mortgage and Guaranty was the sum of $9,276,521.53, exclusive of any advances or legal fees and costs incurred or paid on and after that date.

27. During the pendency of this action, TFSB, in order to protect the lien of the Mortgage, may be compelled to pay sums due on or for prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expense or charges affecting the Premises as to which it is entitled to add to the principal, interest and other charges due it, together with interest thereon from the date of making any such expenditure, so that the same may be added to, and secured by, the Note and Mortgage.

28. No other action or proceeding has been commenced or is now pending for the foreclosure of the Mortgage or to recover the amount due under the Note.

29. The Premises are not occupied nor were intended to be occupied as the primary residence of Summerbreeze or the Guarantors and, in fact, the Premises were expressly required to be used as a second home.

30. TFSB requests that in the event that this action proceeds to a judgment of foreclosure and sale, that the Premises be sold subject to the following;

    a. Any state of facts that an inspection of the Premises would disclose.

    b. Any state of facts that an accurate survey of the Premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

4851-6564-9376, v. 1

      d.      Building and zoning ordinances of the municipality in which the Premises are located and any possible violations of same.

      e.      Any right of tenants or persons in possession of the Premises.

      f.      Any equity of redemption of the United States of America to redeem the Premises within 120 days of the sale.

      g.      Prior liens of record, if any.

31. In the event Plaintiff possesses any other lien(s) against the Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, surplus money proceedings.

32. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, or which otherwise exist, and such election shall continue and remain effective.

33. Plaintiff requests, pursuant to RPAPL §1371, that if the net proceeds obtained upon the foreclosure sale of the Premises is insufficient to pay all amounts due and owing it under the Note and Mortgage, a money judgment be issued to it equal in amount to the deficiency between the net proceeds obtained from the sale and the amount due and owing TFSB under the terms and conditions of the Note and Mortgage, or so much thereof as the Court determines is just and equitable, against Summerbreeze, Defendant Paul J. Manafort and Defendant Kathleen B. Manafort, jointly and severally.

6

4851-6564-9376, v. 1

**WHEREFORE,** Plaintiff The Federal Savings Bank respectfully requests judgment in its favor and against Defendants as follows:

- Adjudging and decreeing that any advances TFSB or agents made or will make pursuant to the terms of the Note and/or Mortgage for the payment of taxes, insurance premiums and other necessary charges affecting the Premises, together with interest thereon, are valid liens against the Premises;

- Fixing the amounts due TFSB for all amounts due under the terms and conditions of the Note and/or Mortgage, including but not limited to principal, interest, costs, late charges, expense of sale, allowances and disbursements, reasonable attorneys' fees and all other monies advanced and paid which are secured by the Mortgage;

- That each and every Defendant, and all parties claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being named a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to the Premises;

- That the Premises, or such part thereof as may be necessary to raise the amounts due herein, be decreed to be sold according to law subject to any statement of facts an inspection of the Premises would disclose or an accurate survey of the Premises would show; as further discussed in the Complaint above;

- That out of the monies arising from the sale of the Premises, TFSB may be paid the amounts due on the Note and Mortgage, plus all other amounts provided for and allowed under the judgement, including attorneys' fees and costs to be incurred in connection with this action, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective advance payments, to the extent allowed;

- That Defendants Summerbreeze LLC, Paul J. Manafort and Kathleen B. Manafort be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, and a money judgment be awarded against each of them, jointly and severally, for the deficiency absent such debt being validly discharged in bankruptcy;

- That TFSB may become a purchaser upon such foreclosure sale;

- That this Court, if requested, forthwith appoint a receiver of rents and profits of the Premises with the usual powers and duties;

- That in the event TFSB possesses any other liens against the Premises, any such liens shall not be merged with the instant matter, with TFSB expressly reserving

7

its right to share in any surplus monies, if any, arising from the sale of the Premises by virtue of its position as a judgment or other lien creditor, excluding the Mortgage being foreclosed herein; and

- That TFSB be granted such other and further relief as may be just, equitable and proper in the circumstances.

Dated: Mineola, New York
March 15, 2021

Respectfully submitted,

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _____
THOMAS J. McGOWAN, ESQ.

190 Willis Avenue
Mineola, New York 11501
(516)747-0300
tmcgowan@meltzerlippe.com
*Attorneys for Plaintiff*