

Rodney Perry
312.471.8731
rperry@rshc-law.com

June 2, 2021

The Honorable Magistrate Judge Anne Y. Shields
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      *Re: The Federal Savings Bank v. Manafort et al.*
         *2:21-cv-01393-SJF-AYS*

Dear Magistrate Judge Shields:

      We represent Defendants Paul J. Manafort, Jr., Kathleen B. Manafort and Summerbreeze, LLC (collectively, "Defendants") in the above-referenced action. We write to respond to Plaintiff the Federal Savings Bank's Letter Motion for Extension of Time to File ("Letter Motion") (ECF No. 28). Specifically, we write to respond to Plaintiff's erroneous assertions therein that Defendants' Motion to Dismiss is somehow automatically converted to a motion for summary judgment and to object to Plaintiff's procedurally improper request to file a premature motion for summary judgment before the Court either rules on Defendants' Motion to Dismiss or determines whether Defendants properly attached documents to their Motion to Dismiss, or before Defendants file an answer and additional defenses to the Complaint.

      In its Letter Motion Plaintiff incorrectly asserts that the Defendants' Motion to Dismiss (ECF Nos. 26-27) is converted to a motion for summary judgement "by operation of FRCP 12(d)," based on Defendants' attaching documents that Plaintiff alleges are outside of the pleadings. (ECF No. 28). In the email correspondence attached to the Letter Motion, Plaintiff's counsel also incorrectly stated that "Your motion is already converted to one for summary judgment under our rules." (ECF 28, p. 2). These assertions have no basis in law or fact.

      Federal Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. § 12(d) (emphasis added). Plaintiff's argument likewise finds no support in E.D.N.Y Local Rules. To the contrary, as set forth more fully in Defendants' Motion to Dismiss, the documents attached as exhibits to the Motion are properly considered for the purpose of a 12(b)(6) motion. (*See, e.g.*, ECF 27, p. 8 n.2, p. 9 n.4, p. 17 n.5). Indeed, the documents attached to Defendants' Motion to Dismiss are those that are

integral to the Complaint as explained by Defendants in the Motion (*id.*), and thus they may be considered—a well-founded principle widely upheld in this Circuit. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.2007); *Munno v. Town of Orangetown,* 391 F.Supp.2d 263, 268 (S.D.N.Y. 2005) ("It is well-established that the court may consider a document, even if not attached or incorporated by reference, where the complaint relies heavily upon its terms and effect, thus rendering the document integral to the complaint.") (citation and internal quotation marks omitted).

Even if this Court were to determine that some or all of the documents attached to Defendants' Motion to Dismiss cannot be considered, it is within this Court's discretion to exclude the exhibits without automatically or presumptively treating the Motion as a motion for summary judgment. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 582-83 (E.D.N.Y. 2015) (considering some of the documents attached to a motion to dismiss and expressly excluding other attached exhibits without converting the motion to one for summary judgment). Thus, in the event that the Court concludes that any of the documents attached to Defendants' Motion to Dismiss are not properly considered, Defendants request that the Court simply exclude the documents in ruling on the Motion, especially since the Motion includes grounds for dismissal independent of any attached documents (*e.g.*, Defendant's well-suported arguments that the Complaint should be dismissed because Plaintiff fails to adequately allege subject matter jurisdiction and the requisite notice of default). (*See* ECF 27 pp. 11-14, 18-20).

Furthermore, Plaintiff's request for additional time to permit it to file its own summary judgment motion is premature and procedurally improper because the Court has not yet ruled on Defendants' Motion to Dismiss, determined whether Defendants properly attached documents to their Motion to Dismiss, or determined whether any documents not properly considered should be excluded rather than converting the Motion to Dismiss to a summary judgment motion.  Nor has Plaintiff provided any basis for filing a summary judgment motion at this stage before Defendants have had an opportunity to file an answer to the Complaint and raise their additional defenses or before the parties have taken appropriate discovery in the event the Court denies Defendants' Motion to Dismiss.

In sum, Defendants respectfully request that Your Honor consider the foregoing in the Court's evaluation of Plaintiff's Letter Motion, reject Plaintiff's erroneous assertions that Defendants' Motion to Dismiss has been converted to a motion for summary judgment, deny Plaintiff's request to file a premature motion for summary judgment, and order Plaintiff to respond to Defendants' Motion to Dismiss within the time permitted under Local Rule 6.1.

                    Sincerely,

                    Rodney Perry