

Rodney Perry
312.471.8731
rperry@rshc-law.com

July 19, 2021

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

    *Re:    The Federal Savings Bank v. Manafort et al. 2:21-cv-01393-SJF-AYS*

Dear Judge Hurley:

    On behalf of Defendants Paul J. Manafort, Jr., Kathleen B. Manafort, and Summerbreeze, LLC (collectively, "Defendants"), we write to respond in objection to Plaintiff's July 7, 2021 letter request for a pre-motion conference (ECF No. 33) seeking (i) leave to convert Defendants' now fully-briefed motion to dismiss (ECF No. 35) to a motion for summary judgment, (ii) the imposition of sanctions against Defendants and their counsel for filing the Motion to Dismiss, and (iii) leave to make a motion for summary judgment in this action. Defendants note that, procedurally, the two mechanisms for relief that Plaintiff seeks with respect to a proposed motion for summary judgement—conversion of Defendants' Motion to Dismiss to a summary judgment motion and leave to file a separate motion—are procedurally inconsistent.

    Drawing largely from conclusory arguments in its previously denied letter request seeking, among other things, leave to file a summary judgment motion (*see* ECF No. 28), Plaintiff has not articulated any cogent basis for converting Defendants' Motion to Dismiss to a motion for summary judgment. Plaintiff asserts in summary fashion that conversion pursuant to Fed. R. Civ. P. 12(d) is warranted because Defendants attach documents to their Motion to Dismiss that are outside of the pleading. Plaintiff does not offer authority for this contention because it flies in the face of established precedent. As previously set forth by Defendants (*see* ECF No. 29, Letter in Response to Plaintiff's Letter Motion for Extension of Time to File; ECF No. 35-1, pp. 4-5, Defendants' Memorandum of Law in Support of their Motion to Dismiss), Defendants properly included as exhibits those documents that are integral to the alleged default (or the lack thereof) at issue in this foreclosure action. To support their Motion, Defendants included key loan documents, publicly recorded documents concerning additional property that secured the same loan at issue in this case that Plaintiff foreclosed upon in 2019, publicly available documents filed in related actions pending in the U.S. District Court for the District of Columbia, and documents filed by Plaintiff in a case involving the same loan in the Circuit Court of Alexandria, Virginia in which Plaintiff took a position contrary to a position it takes in this case.

    Plaintiff's letter request implies that the mere fact of attaching documents to a motion to dismiss warrants converting the motion to one for summary judgment under Fed. R. Civ. P. 12(d). That is an incorrect statement of law. As cited in Defendants' Memorandum in Support of their

Motion to Dismiss (ECF No. 35-1, pp. 4-5), "even if not attached or incorporated by reference, a document upon which the complaint relies and that is integral to the complaint may be considered by the court in ruling on such a [12(b)(6)] motion [to dismiss]." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.2007)."). Further, as explained in Defendants' Reply Memorandum in Further Support of their Motion to Dismiss (ECF No. 35-12, p. 8-9 n.9.), this Court can take judicial notice of matters, designated under Fed. R. Evid. 201 as not subject to reasonable dispute because they are (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. These include "public records" and records of "admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) (quoting *Harris v. New York State Dep't of Health*, 202 F.Supp.2d 143, 173 (S.D.N.Y.2002)). Plaintiff does not cite any authority that supports the proposition that the documents attached to Defendants' motion papers cannot be properly considered.

In any event, even if the Court finds that any of Defendants' exhibits should not be considered for purposes of the pending Motion to Dismiss, it can rule to exclude any of them without converting the Motion to a motion for summary judgment. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) ( "Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material."). Accordingly, Plaintiff is not entitled to convert Defendants' Motion to Dismiss as the Court has not even had an opportunity to consider the Motion, let alone determine whether documents submitted by Defendants were properly attached based on the authority cited by Defendants, or should be excluded. Accordingly, Plaintiff's request should be denied.[1]

With respect to Plaintiff's request to file a separate motion for summary judgment, as set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss and their Reply Memorandum in Further Support of the Motion (ECF No. 35-1; 35-12), Plaintiff has failed to meet its pleading burden as to this Court's jurisdiction and the elements of the foreclosure claim at issue. In light of these pleading deficiencies, and inherent factual disputes that arise in the context of the still pending Motion to Dismiss, Plaintiff has not provided any basis for filing a summary judgment motion at this stage. Apart from the disposition of the Motion to Dismiss, Defendants have not had an opportunity to file an answer to the Complaint, raise their additional defenses, or take appropriate discovery. Therefore, at this stage, Plaintiff cannot reasonably proffer that there are no genuine disputes as to any material fact and that it is entitled to judgment as a matter of law, as required under Fed. R. Civ. P. 56. Indeed, if a plaintiff's self-serving proclamations that it can

---

[1] Of note, Plaintiff sought the same relief in a related matter also pending before this Court, The *Federal Savings Bank v. Manafort et. al.*, Case No. 1:21-cv-01400-(LDH)-(MMH), seeking leave to serve a cross motion for summary judgment and for sanctions. Judge LaShann DeArcy Hall ruled that the Court would not entertain a motion for summary judgment and denied Plaintiff's motion with leave to renew after reasonable discovery is completed (See June 24, 2021Order).

establish a *prima facie* case and that Defendants will be unable to demonstrate any genuine issue of material fact were all that it took to shortcut the pleadings stage and sidestep the discovery process, the Federal Rules of Civil Procedure would be obliterated.

Needless to say, the fact that a party *believes* it has a strong case does not create an entitlement to summary judgment. *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ., & Indus. Fund v. James Dean Contracting Corp.*, No. 11 CIV. 5879 JMF, 2013 WL 6569911, at *1 (S.D.N.Y. Dec. 13, 2013) ("Plaintiffs may well have a strong case at trial . . . but it is not a basis to grant summary judgment here as the Court is required to draw all reasonable inferences in the nonmoving parties' favor.). In the instant action, no discovery has been exchanged, and Defendants proffer that the exchange of discovery will illuminate genuine issues of fact for this Court's consideration. *See Behzadi & Brenjian Carpet v. David & Son Oriental Antique Rugs Corp.*, No. 07 CIV. 7073BSJDFE, 2009 WL 773312, at *3 (S.D.N.Y. Mar. 19, 2009) (Denying motion for summary judgment as premature, where the motion was filed before any initial pre-trial conference was held and before the time to exchange discovery had commenced.).

With respect to Plaintiff's request to file a motion for sanctions, Plaintiff raises the same inflammatory mischaracterizations about the Defendants' intentions in the litigation and calls for sanctions that it raised in its opposition to Defendants' Motion to Dismiss. Plaintiff does not (and cannot), however, come close to setting forth a basis for sanctions. For the imposition of Rule 11 sanctions, Plaintiff must show that *factual* averments in the Defendants' motion or other papers filed have *no* evidentiary support, not merely that Plaintiff disagrees with them, contends that they are weak or even unlikely to prevail. *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03–CV–1851 NGG, 2007 WL 1026411, *2 (E.D.N.Y. Mar. 30, 2007) ("Rule 11 sanctions are appropriate only where there is clear evidence that the claims are brought in bad faith, *i.e.,* 'entirely without color and . . . for purposes of harassment or delay, or for other improper reasons.'") (citation omitted); *Mealus v. Nirvana Spring Water N.Y. Inc.*, No. 7:13-CV-313 MAD/DEP, 2015 WL 4546023, at *6 (N.D.N.Y. July 28, 2015); *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir.1996) (citation omitted). Defendants' Motion to Dismiss raises several pleading deficiencies in Plaintiff's Complaint, and Defendants' positions are well reasoned and supported. In its opposition and the instant letter request, Plaintiff simply takes issue with Defendant pointing out its pleading defects, disagrees with Defendants about certain propositions of law and takes issue with the *Court granting* Defendants' requests for extension of time. Defendants thoroughly addressed and refuted each of Plaintiff's substantive arguments in their Reply Memorandum. (*See* ECF No. 35-12.) Plaintiff fails to show that Defendants or defense counsel have engaged in any conduct that is improper or objectionable, let alone sanctionable. As a result, Plaintiff's request to file a motion for sanctions must be denied.

In sum, Plaintiff's request for a pre-motion conference and the relief sought therein is premature and unfounded. Defendants respectfully request that Your Honor consider the foregoing in the Court's evaluation of Plaintiff's Letter Motion, reject Plaintiff's erroneous assertions that Defendants' Motion to Dismiss has been converted to a motion for summary judgment, deny Plaintiff's request to file a premature motion for summary judgment, and deny Plaintiff's unfounded request for sanctions.

Sincerely,

Rodney Perry